NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5592-17T3

ROBERT J. TRIFFIN,

     Plaintiff-Appellant,

v.

A.W. HOLDINGS, LLC,
d/b/a BENCHMARK HUMAN
SERVICES and DOUGLAS
S. BEEBE,

     Defendants-Respondents,

and

LESHONDRA ARMSTRONG,
a/k/a LESHONDA CHAQUE
ARMSTRONG,

     Defendant.

_____

        Argued September 11, 2019 – Decided September 17, 2019

        Before Judges Haas and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-000307-18.

Robert J. Triffin, appellant, argued the cause pro se.

Sarah Sakson Langstedt argued the cause for respondents (Day Pitney LLP, attorneys; Craig M. Gianetti and Alyssa R. Musmanno, on the brief).

PER CURIAM

Plaintiff Robert Triffin appeals from the June 29, 2018 order dismissing his complaint against defendants A.W. Holdings, LLC and its president, Douglas Beebe (collectively defendants) following a bench trial. We affirm substantially for the reasons expressed in Judge Thomas C. Miller's comprehensive written opinion issued that same date.

Defendants issued a check in the amount of $1018.29 to defendant Leshonda Armstrong, who electronically deposited it with her bank, Affinity FCU (Affinity). Armstrong also "intentionally or negligently sought to obtain duplicate payment on the check" by submitting it to Friendly Check Cashing Company (Friendly), which also paid her $1018.29.

In turn, Affinity and Friendly submitted the check for payment to Wells Fargo Bank, N.A., the bank on which it had been drawn by defendants. In the process, the check passed through the Federal Reserve Bank of Atlanta (Federal Reserve), which identified the "duplicate item." The Federal Reserve paid the check as submitted by Affinity because it had been received first. The Federal

Reserve then dishonored the check submitted by Friendly, marked the duplicate item "REFER TO MAKER[,]" and returned it to Friendly unpaid.

Triffin later purchased the dishonored check from Friendly, which assigned its right to seek payment of the check to him. Triffin then filed a complaint against defendants and Armstrong seeking to recover the full amount of the check, together with certain fees he allegedly incurred in the course of seeking payment, together with pre-judgment interest. Defendants filed an answer to the complaint, but Armstrong did not.[1]

Judge Miller conducted a one-day bench trial at which Triffin was the only witness. Both parties submitted additional documentary evidence.

In a thorough written decision, Judge Miller ruled that based on the circumstances presented, Triffin was not entitled to payment on the dishonored check from defendants. As the judge noted, N.J.S.A. 12A:3-414(c) plainly states that "[i]f a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom acceptance was obtained." Here, defendants' check was clearly "accepted by a bank" when Armstrong deposited it in her bank, or when Friendly deposited it with its bank. Thus, defendants, as the "drawer" of the

---

[1] Armstrong also did not appear at the trial.

A-5592-17T3

check, had no further obligation to pay on the check a second time to Triffin. Accordingly, the judge dismissed Triffin's complaint against defendants with prejudice.[2]

On appeal, Triffin asserts that the judge erred in dismissing his complaint against defendants, and presents the following contentions:

POINT ONE

THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE IGNORED THE DISPOSITIVE PROVISIONS OF N.J.S.A. 12A:3-308(b), AND DISMISSED TRIFFIN'S N.J.S.A. 12A:3-414 CLAIM AGAINST A.W. HOLDINGS.

POINT TWO

THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE ASSUMED THE DISPOSITIVE FACT, THAT THE WELLS FARGO BANK PREVIOUSLY PAID THE A.W. HOLDINGS CHECK THAT TRIFFIN'S ASSIGNOR SUBMITTED FOR PAYMENT.

POINT THREE

ON ITS FACE[,] THE PURPORTED WELLS FARGO LETTER THAT TRIAL JUDGE MILLER ADMITTED INTO EVIDENCE OVER TRIFFIN'S OBJECTIONS WAS NOT ADMISSIBLE AS A SELF-

---

[2] At the same time, Judge Miller determined that Armstrong, "[a]s an endorser" of the instrument, who "was paid twice for the face amount of the check, even though she [was] only entitled to be paid that amount once[,]" was liable to Triffin for the face amount of the check, plus pre-judgment interest.

4

AUTHENTICATING DOCUMENT UNDER N.J.R.E. 803(C)(6) . . . TO PROVE THE TRUTH OF THE MATTERS ALLEGED THEREIN.

We review the factual findings made by a trial judge to determine whether they are "supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). Such findings made by a judge in a bench trial "should not be disturbed 'unless they are so wholly insupportable as to result in a denial of justice.'" Id. at 483-84 (quoting Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div.), aff'd o.b., 33 N.J. 78 (1960)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Applying these standards, we discern no basis for disturbing Judge Miller's reasoned decision, and we are satisfied that Triffin's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5592-17T3